UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| POLINA TARSKY and MICHAEL TARSKY, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : NO. |
| TD BANK, N.A., | : <br> : |
| Defendant. | : <br> : <br> : |

NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and all other applicable laws, Defendant, TD Bank, N.A. ("***TD Bank***"), removes this action, captioned *Polina Tarsky and Michael Tarsky v. TD Bank, N.A.*, Civil Action No. SSX-L-000457-25 ("***State Action***"), originally brought by Plaintiffs Polina Tarsky and Michael Tarsky (collectively, "***Plaintiffs***") in the Superior Court of New Jersey Law Division: Sussex County, to the United States District Court for the District of New Jersey.  In support of removal, TD Bank states:

BACKGROUND

1. On September 2, 2025, Plaintiffs filed a Complaint in the State Action against TD Bank.

2. On September 15, 2025, TD Bank was served with the Summons and Complaint.

3. On September 24, 2025, Plaintiffs filed the Affidavit of Service in the State Action.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of receipt by TD Bank of the Complaint.

5. In their Complaint, Plaintiffs assert a cause of action against TD Bank under the Electronic Fund Transfer Act ("***EFTA***"), 15 U.S.C. § 1693, *et seq.*, for allegedly "failing to

promptly provide copies of all documents it relied upon in concluding that 'no error' occurred, failing to perform an adequate and good faith investigation into the alleged errors, failing to report the findings of its investigation and provide those findings to Plaintiffs, and failing to recredit Plaintiffs' accounts during the pendency of its investigation." Compl. ¶ 56.

6. Plaintiffs also assert state law claims against TD Bank for alleged negligence, *id.* ¶¶ 59-70; unjust enrichment and disgorgement, *id.* ¶¶ 71-77; and violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, *id.* ¶¶ 78-87.

7. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on TD Bank are attached as Exhibit A.

8. Removal of the within action to this Court is appropriate because this Court has federal question pursuant to 28 U.S.C. § 1331.

## FEDERAL QUESTION JURISDICTION

9. Removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiffs' case against TD Bank arises under federal law, as their Complaint alleges TD Bank failed to adhere to EFTA. Compl. ¶¶ 35-58.

10. The District Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same transactions or occurrences as the federal cause of action and, therefore, the state claims are "so related" to Plaintiffs' federal claim "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

11. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, because Plaintiffs' case against TD Bank arises under federal law.

12. Removal of the State Action is therefore appropriate under 28 U.S.C. § 1441.

13. In accord with 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), TD Bank is filing this Notice of Removal in the federal district court embracing the state court where the Complaint was filed.

14. In accord with 28 U.S.C. § 1446(a), TD Bank attaches all process, pleadings and orders that have been filed, served, or received by TD Bank in this action as Exhibit A. *See* 28 U.S.C. § 1446(a).

15. In accord with 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of New Jersey, because this is a judicial district in which a substantial part of the alleged events or omissions giving rise to the claim occurred, and the Complaint in this action was filed in the Superior Court of New Jersey Law Division: Sussex County.

16. In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey Law Division: Sussex County and is being served simultaneously on Plaintiffs.

17. In removing this action, TD Bank does not intend to waive any rights or defenses to which it is otherwise entitled, and TD Bank expressly reserves the right to assert all such defenses at a later time.

18. Based on the foregoing, this Court has jurisdiction over this action, and this action is properly removed to this Court.

[CONTINUED ON NEXT PAGE]

## CONCLUSION

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, TD Bank respectfully requests that this action be removed to and proceed in the United States District Court for the District of New Jersey.

Dated: October 6, 2025　　　　　　　　　　**DUANE MORRIS LLP**

　　　　　　　　　　　　　　　　　　　　*/s/ Lynne E. Evans*
　　　　　　　　　　　　　　　　　　　　Lynne E. Evans, Esq. (901422012)
　　　　　　　　　　　　　　　　　　　　DUANE MORRIS LLP
　　　　　　　　　　　　　　　　　　　　30 South 17th Street
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　(215) 979-1102
　　　　　　　　　　　　　　　　　　　　LEEvans@duanemorris.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant, TD Bank, N.A.*

## CERTIFICATE OF SERVICE

I, Lynne E. Evans, certify that a copy of the foregoing document was served on the below counsel of record via email and first-class mail on October 6, 2025:

Yongmoon Kim (026122011)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, NJ 07601
(201) 273-7117
ykim@kimlf.com

*Attorney for Plaintiffs*

/s/ Lynne E. Evans
Lynne E. Evans, Esq.